USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __2/26/21__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :

MARY G. ROSSILLO & ANDREA PETRI,          :

                            Plaintiffs,                        :

                                                         :                   21-cv-852 (LJL)
             -v-                                :
                                                         :             ORDER AND OPINION

BECTON, DICKINSON AND COMPANY, C.R. BARD, :
INC., BARD PERIPHERAL VASCULAR, INC., MARK :
BRENNAN, M.D., ADAM CLOUD, M.D., ALON
YARKONI, M.D., and UNITED HEALTH SERVICES, :
INC.,

                           Defendants.

-----------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      Plaintiffs Mary G. Rossillo ("Rossillo") and Andrea Petri ("Petri") move to remand this case to New York State Supreme Court.

      Plaintiffs commenced the underlying action on January 19, 2021, by filing a Summons and Complaint in New York State Supreme Court, New York County. Dkt. No. 1-1. Plaintiff sues four corporate defendants (identified below) and three physicians alleging claims of strict products liability, negligence, breach of express warranty, breach of implied warranty, consumer fraud and unfair and deceptive trade practices, medical malpractice, lack of informed consent, and hospital and clinical negligence, in connection with the surgical implantation of a filter into Rossillo's inferior vena cava designed to filter blood traveling from the lower parts of her body to her heart. Id. Plaintiffs also seek damages for loss of consortium on behalf of Rossi and seek punitive damages. Id. Defendants are the manufacturers of the filter, Rossillo's health care provider, and the doctors who implanted the filter. The operation took place in Johnson City,

New York. Rossillo later was treated at New York University Langone Health Hospital in New York, New York.

The complaint alleges that Plaintiffs were and are residents of New York City, *id.* ¶ 1, and that Defendant United Health Services, Inc. ("UHS") was, at all relevant times, a professional corporation duly organized and existing under and by virtue of the laws of the State of New York. *Id.* ¶ 22. It also alleges that Defendants Mark Brennan, Adam Cloud, and Alon Yarkoni are duly licensed doctors who practice medicine in the State of New York. *Id*. ¶¶ 10, 11, 14, 15, 18, 19. Defendant Becton, Dickinson & Co. ("BD") is alleged to be incorporated in New Jersey, *id.* ¶ 3, C.R. Bard, Inc. ("Bard") is also a citizen of New Jersey, *id.* ¶ 4, and Bard Peripheral Vascular, Inc. is a citizen of the state of Arizona, *id.* ¶ 5.

On January 29, 2021, BD and Bard (the "Bard Defendants") filed a notice of removal in this Court, removing the case from New York State Supreme Court on grounds of diversity jurisdiction under 28 U.S.C. §§ 1332, 1441(a), and 1446(b). In the Notice of Removal, the Bard Defendants asserted that the other defendants had not yet been properly joined or served in the action, that there was complete diversity of citizenship between the parties who had been properly joined and served, and that the amount in controversy exceeded $75,000, exclusive of interest and costs. Dkt. No. 1 ¶¶ 5. The Notice of Removal asserted that the three physicians were citizens of New York. *Id.* ¶ 14-16. It also asserted that UHS was a citizen of New York. *Id*. ¶ 17.

On February 8, 2021, Plaintiffs moved to remand. Dkt. No. 5. Plaintiffs assert that there is not complete diversity because they as well as UHS and the three physicians are citizens of New York. Plaintiffs also argue that remand is required pursuant to the forum defendant rule which provides, under circumstances set forth below, that a case cannot be removed,

2

notwithstanding the presence of diversity jurisdiction, when one of the defendants is a citizen of the forum state. Dkt. No. 6.

## DISCUSSION

Section 1441(a) of Title 28 provides: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Defendants assert federal jurisdiction based on Section 1332(a) of Title 28 which, as relevant here, provides: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States." 28 U.S.C. § 1332(a).

"When a party removes a state court action to the federal court on the basis of diversity of citizenship, and the party seeking remand challenges the jurisdictional predicate for removal, the burden falls squarely upon the removing party to establish its right to a federal forum by 'competent proof.'" *R.G. Barry Corp. v. Mushroom Makes, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979) (quoting *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)); *see also Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000) (party seeking to remove plaintiffs' suit to federal court on the basis of diversity bears the burden of establishing that the requirements for diversity jurisdiction were met). "The right to remove a state court action to federal court on diversity grounds is statutory . . . and must therefore be invoked in strict conformity with statutory requirements." *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991). "In light of the congressional intent to restrict federal court jurisdiction, as

well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Id.*; *see also Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 617 (2d Cir. 2019) (same).

"The Supreme Court has interpreted 'citizens of different States' to grant jurisdiction only 'if diversity of citizenship is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same States.'" *Platinum-Montaur Life Scis.*, 617 F.3d at 617 (quoting *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998)). The requirements of complete diversity are identical whether the case is commenced in federal court or removed to federal court. In both instances, diversity jurisdiction is properly invoked only if there is complete diversity and the requisite amount in controversy. *See* Wright & Miller, Federal Practice and Procedure § 3723 (3d ed. 2021) ("Since an action is not removable under Section 1441 unless it originally might have been brought in a federal court, it is not surprising—and the cases make clear—that the basic principles of diversity-of-citizenship jurisdiction, such as the requirement of complete diversity between all plaintiffs and all defendants, and the amount-in-controversy requirement, fully apply to cases removed under Section 1441(a) and (b).")

There is no diversity jurisdiction here. The plaintiffs are both New York citizens. Four of the seven defendants also are New York citizens: the three physicians and UHS. The case thus is not properly in federal court on diversity grounds.

In their Notice of Removal, the Bard Defendants seemingly based diversity jurisdiction on the citizenship of the defendants who had been served. The apparent premise of the removal notice was that if a defendant had not been served, its citizenship did not matter for purposes of removal and complete diversity. The Bard Defendants' argument mistakes the procedural

requirements for removing a case to the federal court with the prerequisites for invoking the federal court's jurisdiction in the first place. Under Section 1446(b)(2)(A), only defendants "who have been properly joined *and served* must join in or consent to the removal of the action." 28 U.S.C. §1446(b)(2)(A) (emphasis added). Under Sections 1332 and 1441(a), however, to invoke the jurisdiction of the court all defendants who have been joined must be diverse. *See Stan Winston Creatures, Inc. v. Toys "R" Us, Inc.*, 314 F. Supp. 2d 177, 181 (S.D.N.Y. 2003) (Lynch, J.) ("[I]t is well established that an action based on state law cannot be removed to federal court if any non-diverse defendant is joined in the complaint, regardless of whether that defendant has been served"). "[W]here a non-separable controversy involves a resident defendant, . . . the fact that the resident defendant has not been served with process does not justify removal by the non-resident defendant." *Pullman Co. v. Jenkins*, 305 U.S. 534, 541 (1939); *see also Woods v. Ross Dress for Less, Inc.*, 833 F. App'x 754, 757 (10th Cir. 2021) ("[T]he existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service.") (quoting *N.Y. Life Ins. Co. v. Deshotel*, 142 F.2d 873, 883 (5th Cir. 1988)); *Pecherski v. Gen. Motors Corp.*, 636 F.2d 1156, 1160 (8th Cir. 1981) ("[T]he prevailing view is that the mere failure to serve a defendant who would defeat diversity jurisdiction does not permit a court to ignore that defendant in determining the propriety of removal."); *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969) ("Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service.").[1]

---

[1] The Supreme Court has explained:
> It may be said that the non-resident defendant may be prejudiced because his co-defendant may not be served. On the other hand there is no diversity of citizenship, and the controversy being a non-separable one, the non-resident defendant should not be permitted to seize an opportunity to remove the cause before service upon the resident co-

5

Contrary to the Bard Defendants' argument, the result is not changed by the Second Circuit's decision in *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699 (2d Cir. 2019).  In that case, the court interpreted Section 1441(b)(2) of Title 28 which provides: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  18 U.S.C. § 1441(b)(2).  The court held that the provision did not prevent a home-state defendant who was sued but not served from removing the case to federal court under Section 1441(a).  The court reasoned "[b]y its text, then, Section 1442(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) so long as a federal district court can assume jurisdiction over the action."  *Id.* at 705.

In *Gibbons*, however, as the Circuit made clear, there was an independent basis on which the federal court could exercise jurisdiction.  *Id.*  Judge Cote had found that subject matter jurisdiction existed based on the diversity of the parties.  *See In re Eliquis (Apixaban) Prods. Liab. Litig.*, 2017 WL 6729359 (S.D.N.Y. Oct. 13, 2017).  The case thus does not stand for the proposition that Section 1442(b)(2) expands the statutory bases for federal jurisdiction.  It stands for the proposition that a lawsuit otherwise properly removable and over which the federal court otherwise properly can exercise subject matter jurisdiction does not become unremovable when a home-state defendant is joined to the lawsuit until that home state defendant also is served.

*Gibbons* thus provides Plaintiff no solace here.  The Court does not have subject matter

---

defendant is effected.  It is always open to the non-resident defendant to show that the resident defendant has not been joined in good faith and for that reason should not be considered in determining the right to remove.
*Pullman*, 305 U.S. at 541.

6

jurisdiction. The only basis for jurisdiction asserted is diversity jurisdiction and it is undisputed that the parties are not diverse. It is irrelevant to the outcome whether the home-state defendant here was served before Defendants removed the action. The case was not removable under Section 1441—either before or after the home-state defendant was served—because Plaintiffs were citizens of the same state as Defendants and thus complete diversity is lacking. "[R]egardless of the forum defendant rule, an action may not be removed on the basis of diversity jurisdiction if a non-diverse defendant is named in the complaint, even if that defendant has not yet been served." *CAV Farms, Inc. v. Nicholas*, 2019 WL 1438776, at *4 (W.D.N.Y. April 1, 2019); *see also Galiano Constr. Custom Builder, LLC v. Brandon Sample*, 2020 WL 8093522, at *2-3 (D. Vt. Oct. 22, 2020) ("[T]he doctrine of 'snap removal' has no effect on the independent jurisdictional requirement that a removed case could have been filed originally in federal court."). Section 1441(b)(2) "does not qualify the requirement of complete diversity," but "rather, it further limits jurisdiction based on diversity of citizenship by requiring that no joined and served defendants be a citizen of the state in which the action was initially brought." *Pecherski*, 636 F.2d at 1160.

In light of the Court's disposition, the Court need not reach the alternative arguments raised by the parties whether the home-state defendant was properly served before the removal petition was filed.

## CONCLUSION

The motion to remand is GRANTED. The Clerk of Court is respectfully directed to close the motion at Dkt. No. 5.


SO ORDERED.

Dated: February 26, 2021
      New York, New York

                                       LEWIS J. LIMAN
                                  United States District Judge